UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE CAULEY

VERSUS                                             CIVIL ACTION

DENNIS GRIMES, ET AL                               NUMBER 11-811-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 28, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE CAULEY

VERSUS                                              CIVIL ACTION

DENNIS GRIMES, ET AL                                NUMBER 11-811-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at East Baton Rouge Parish Prison, Scotlandville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 on December 8, 2011 against East Baton Rouge Parish Sheriff Sid Gautreaux, Warden Dennis Grimes, the City of East Baton Rouge Parish and the State of Louisiana. Plaintiff alleged that on January 20, 2011, he was booked into the parish prison on two separate charges of principal to monetary instrument abuse, in cases numbered 128680 and 78842. Plaintiff alleged that on May 13, 2011, both charges were dismissed. Plaintiff alleged that officials with the State of Louisiana sent paperwork to prison officials showing that the case number 78842 was dismissed but failed to send any paperwork showing that the case number 128680 was also dismissed. Plaintiff alleged that prison officials advised him that he has not yet gone to court on the charges pending in case number 128680.

A hearing was held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine whether all or part of the

plaintiff's complaint should be dismissed as frivolous.[1] At the *Spears* hearing the plaintiff conceded that on December 28, 2011, a bill of information regarding the charges in case number 12860 was filed by the district attorney.[2] Plaintiff stated that on January 5, 2012, he was once again brought before the trial court, an attorney from the Public Defender's office was appointed to represent him regarding the charges in case number 12860, and a motion date was set by the court.

### Applicable Law and Analysis

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.

---

[1] Record document number 8.

[2] Plaintiff explained at the *Spears* hearing, and documents he produced at the hearing show, that these case numbers are the Baton Rouge Police Department case numbers. Plaintiff produced a copy of the state court minutes from the court appearance where the charges in case number 78842 were dismissed, a list of the charges and offense dates provided by the East Baton Rouge Parish Clerk of Court, and a copy of the arrest warrant affidavit. These records show that only the charges in case number 78842 were dismissed. Record document number 9.

2

*Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh

Amendment, and is immune from suit in this action.

Second, the plaintiff has no federal claim against Sheriff Geautreaux, Warden Grimes or the Parish of East Baton Rouge for retaining him in custody during the prosecution of the charges in case number 12860 when the plaintiff has not posted a bond and been released from custody.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii).

Baton Rouge, Louisiana, March 28, 2012.

*[Signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE